# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| FRANK LAGUNAS, | 1:09-cv-02210-LJO-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO |
| v. | DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 14) |
| J. D. HARTLEY, Warden, | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on December 21, 2009, seeking a reduction in Petitioner's sentence for the performance of a meritorious act pursuant to California state law. (Doc. 1). On March 24, 2010, the Court ordered Respondent to file a response. (Doc. 9). On May 21, 2010, Respondent filed the instant motion to dismiss the petition, contending that Petitioner failed the "in custody" requirement of federal habeas law. (Doc. 14). Petitioner has not filed an opposition to the motion to dismiss.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition because Petitioner

1

1  has not met the "in custody" requirement of federal habeas law and because his claim fails to
2  raise a cognizable federal habeas issue.  Rule 4 of the Rules Governing Section 2254 Cases
3  allows a district court to dismiss a petition if it "plainly appears from the face of the petition and
4  any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."
5  Rule 4 of the Rules Governing Section 2254 Cases.

6  The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an
7  Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
8  violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
9  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
10 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
11 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
12 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss
13 after the court orders a response, and the Court should use Rule 4 standards to review the motion.
14 See Hillery, 533 F. Supp. at 1194 & n. 12.

15 In this case, Respondent's Motion to Dismiss is based Petitioner's failure to meet the "in
16 custody" requirement of federal habeas law and Petitioner's failure to raise a cognizable federal
17 habeas issue.  Because Respondent's Motion to Dismiss is similar in procedural standing to a
18 Motion to Dismiss for failure to exhaust state remedies or for state procedural default and
19 Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to
20 Dismiss pursuant to its authority under Rule 4.
21 B.  Factual Background.
22 On May 12, 2003, Petitioner was convicted in the Los Angeles County Superior Court, in
23 case number LA042635, of a violation of California Health & Safety Code § 11350(A)
24 (possession of a controlled substance), and was sentenced to a prison term of three years plus a
25 one-year enhancement, for a total prison term of four years.  (Doc. 1, p. 35).  While serving that
26 prison term, in 2006 Petitioner assisted in a vehicle rescue and safe medical transport of a
27 critically injured correctional officer.  (Doc. 1, p. 33; Doc. 14, Ex. 1; Doc 14, Ex. 3).
28 Subsequently, a Departmental Review Board recommended that Petitioner be awarded 180 days

1  of Meritorious Sentence Reduction ("MSR") pursuant to California Penal Code § 2935.[1]  (Doc.
2  1, p. 33).  Petitioner was paroled in case number LA042635 on February 25, 2007 approximately
3  three months *before* he was awarded the MSR. (Doc. 14, Ex. 3, Chronological History).
4  Petitioner's actual date of discharge from supervision of the California Department of
5  Corrections and Rehabilitation ("CDCR") for case number LA042635 was February 25, 2010.
6  (Id.).  In granting the MSR, the DRB noted that due to the fact that he had "paroled," "the action
7  to grant him an MSR may impact his remaining parole period."  (Doc. 14, Ex. 1)

8  While on parole in case number LA042635, Petitioner re-offended and was taken into
9  custody on a parole hold.  (Doc. 14, Ex. 3, Chronological History, p. 1).  Petitioner was then
10  charged in the Los Angeles County Superior Court, in case number LA057781-01, with a
11  violation of California Health & Safety Code § 11350(A)(possession of a controlled substance).
12  (Doc. 1, p. 40).  Petitioner requested placement in a live-in drug treatment facility rather than a
13  return to prison on his parole violation.  (Doc. 14, Ex. 3, Attach. 3, pp. 5-6).  CDCR offered, and
14  Petitioner accepted, a residential drug treatment program in lieu of re-incarceration for a parole
15  violation.  (Id.).

16  However, Petitioner was then convicted on February 22, 2008 of the drug charge in case
17  number LA057781-01 and sentenced to a prison term of two years and eight months.  (Doc. 1, p.
18  40).  While incarcerated for this new offense, Petitioner initiated an administrative appeal
19  seeking to receive the meritorious sentence reduction resulting from the 2006 incident.  (Doc. 14,
20  Ex. 3, Attach. 5).  At the first level of review, Petitioner's request was denied.  (Id., Attach. 6).
21  CDCR reasoned that, because Petitioner had been serving a sentence that, pursuant to
22  California's Three Strikes Law as codified in Penal Code § 1170.12, could not be reduced by
23  more than one-fifth, or no less than eighty percent, of the mandated term, the additional 180 days
24  of MSR could not be applied without violated California law.  (Id.).

25  Dissatisfied with this reasoning, Petitioner appealed to the next administrative level,

---

[1] Cal. Pen. Code 2935 provides as follows: "Under the guidelines prescribed by the rules and regulations of the director, the Secretary of the Department of Corrections and Rehabilitation may grant up to 12 additional months of reduction of the sentence to a prisoner who has performed a heroic act in a life-threatening situation, or who has provided exceptional assistance in maintaining the safety and security of a prison."

citing In re Young, 32 Cal.4th 900 (2004). In that case, the California Supreme Court addressed whether a "reduction of the sentence" under Penal Code § 2935 for a MSR constituted, for purposes of § 1170.12, a "credit" in the same sense as good time credits and conduct credits. Young, 32 Cal.4th at 905. The high court concluded that a reduction for a heroic act was not subject to the twenty percent maximum reduction for credits under § 1170.12. Id.

The second level review partially granted Petitioner's request insofar as it determined that, under Young, the prior administrative decision that the MSR was effectively nullified by § 1170.12 was a methodology that apparently conflicted with the California Supreme Court's interpretation of Penal Code § 2935. (Doc. 14, Ex. 3, Attach. 7). The matter was delegated to CDCR's Legal Department to determine the proper methodology for applying the MSR in light of Young. (Id.).

Respondent has submitted documentation that establishes that CDCR applied the MSR to Petitioner's prior prison term. However, because Petitioner accepted a residential drug treatment program rather than re-incarceration on his parole violation, an agreement subsequently nullified by Petitioner's conviction in case number LA057781-01, any actual beneficial effect to Petitioner was also nullified. (Doc. 14, Ex. 3, p. 3).

The CDCR's view of this somewhat complicated scenario is that, although case number LA042635 technically remains "active with the original controlling discharge date of February 25, 2010," Petitioner is presently "not serving a concurrent revocation term" and that the prior term and discharge date have "no effect on [Petitioner's] current prison sentence." (Doc. 14, Ex. 3, p. 3).

Petitioner then filed a petition for writ of habeas corpus in the Kern County Superior Court on May 19, 2009.[2] (Doc. 14, Ex. 1). After ordering an informal response and reply, the Superior Court denied the petition on September 14, 2009, holding that Petitioner had received

---

[2]Further complicating this scenario, the CDCR reported to the Kern County Superior Court that his parole discharge date in LA042635 would be reduced by six months and, thereby, discharged in August 2009. (Doc. 14, Ex 3 at 3) At the same time, however, the CDCR asserted that the parole term in case number LA042635 was "effectively discharge[d]" when the new prison term in case number LA057781-01 was imposed. Id. Given that the parole discharge date in this later case was projected to be February 10, 2013, this rationale seems to outline a difference without a distinction and discharging the earlier parole yielded no benefit to Petitioner.

4

the MSR as applied to his prior prison term:

> Respondent is correct that petitioner received his discharge reduction because the heroic act occurred during his serving the sentence on the first case. He cannot obtain duplicative relief. The subsequent sentence on the second case nullified the parole revocation agreement enabling him to serve the parole revocation at a drug rehabilitation home. There is no justiciable controversy since petitioner received the relief he requested. Unfortunately, petitioner's subsequent arrest and conviction on another case result in a delayed discharge date to February 2013. By violating the law, petitioner won a pyrrhic victory.

(Id.).

Petitioner then filed habeas corpus petitions in the California Court of Appeal and the California Supreme Court; however, both petitions were denied without comment. (Doc. 1, pp. 31; 33).

The instant petition argues once again that Respondent has not properly credited him with the 180-day MSR, and Petitioner seeks an order from this Court requiring Respondent to apply that reduction to his present term of incarceration. (Doc. 1, p. 10).

C. The Petition Fails To State A Federal Habeas Issue.

Respondent argues that Petitioner's claim fails to raise a cognizable federal habeas issue. The Court agrees.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

5

1  proceeding. 28 U.S.C. § 2254(d)(1), (2).

2      In this case, Petitioner does not allege a violation of the Constitution or federal law, nor
3  does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does
4  not allege that the adjudication of his claims in state court "resulted in a decision that was
5  contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or
6  resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28
7  U.S.C. § 2254.

8      To the contrary, Petitioner raises only a state law claim, i.e., that Respondent improperly
9  applied the MSR to his prior term rather than to his present term.  Generally, however, issues of
10 state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67
11 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of
12 state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S.
13 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to
14 the level of a constitutional violation, may not be corrected on federal habeas").  Moreover,
15 "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant
16 habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

17      Indeed, federal courts are bound by state court rulings on questions of state law.
18 Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989);
19 Mullaney v. Wilbur , 421 U.S. 684, 691 n. 11 (1975) (determination of state law by a state
20 appellate court is binding in a federal habeas action unless the interpretation is an "obvious
21 subterfuge to evade consideration of a federal issue"); Lewis v. Jeffers, 497 U.S. 764, 780 (1990)
22 (federal habeas court must respect a state court's application of its own law and must not engage
23 in *de novo* review); Clemons v. Mississippi, 494 U.S. 738, 739-40 (1990)(A federal court has no
24 basis for disputing a state's interpretation of its own law.)

25      Here, while Petitioner has alleged that Respondent has failed to properly apply California
26 law as it relates to sentence reductions prompted by the performance of an heroic act, such a
27 claim implicates only the application of California law by agencies and California courts.  As
28 discussed above, this Court is bound by a state court's application of its own state laws, and

1  therefore such allegations are insufficient to raise a cognizable federal habeas claim.  In the
2  absence of any cognizable federal habeas claim, there is no habeas relief the Court can afford to
3  Petitioner and, hence, the petition should be dismissed.

       D.  <u>Petitioner Has Not Met The "In Custody" Requirement</u>.

Respondent also contends that the petition must be dismissed because Petitioner does not satisfy the "in custody" requirement of federal habeas law.  Again, the Court agrees.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a  district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).

The "in custody" requirement is jurisdictional for a federal habeas court.  <u>Baily v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010).  In <u>Baily</u>, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two parts.  First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed."  <u>Baily</u>, 599 F.3d at 978-979, *quoting* <u>Resendiz v. Kovensky</u>, 416 F.3d 952, 956 (9th Cir. 2005).  For this aspect of the "in custody" requirement, actual physical custody is not necessary to confer jurisdiction.  Rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists.  <u>Id</u>. at 979.  In this case, because Petitioner was in physical custody of Respondent at the time he filed the instant petition, this first aspect of the "in custody" requirement is met.

The second aspect of "in custody" requirement, however, is fatal to Petitioner's habeas claim:

> The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction.  Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.
>
> Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law.  It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement.  What [petitioner] is required to pay in

1    restitution is not by ordinary meaning a part of his custody.

2 Baily, 599 F.3d at 980. (Citations omitted).

3    In Baily, the petitioner challenged only his restitution fine rather than the lawfulness of
4 the restraint on his liberty. After the above discussion, the Ninth Circuit flatly rejected habeas
5 jurisdiction under such circumstances:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody. While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

13 Baily, 599 F.3d at 981. (Citations and emphasis omitted).

14    Similarly, here, Petitioner does not challenge any aspect of his conviction for first degree
15 murder in the 2008 drug conviction in the Los Angeles County Superior Court in case number
16 LA057781-01, nor does he challenge in any way the two year and eight month sentence arising
17 from that conviction. Rather, his complaint is that Respondent and the California courts have
18 misapplied California Penal Code § 2935, by applying it to the parole revocation term in his
19 previous sentence that was nullified by his subsequent conviction in case number LA057781-01.
20 While Petitioner was clearly in the physical custody of Respondent at the commencement of
21 these proceedings, and while he remains in custody of Respondent at this time, such physical
22 custody is insufficient to confer habeas jurisdiction for the claim raised in the instant petition.
23 Baily, 599 F.3d at 981; United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002)(finding
24 challenge to restitution fine not cognizable on habeas). As interpreted by both CDCR and the
25 California courts, any award of a meritorious sentence reduction based on the performance by
26 Petitioner of a heroic act during Petitioner's incarceration due to case number LA042635 relates
27 to that prior conviction, sentence, and parole, not to his present incarceration on case number
28 LA057781-01. In the absence of any challenge to Petitioner's *present* conviction and sentence,

8

the required nexus between the claim raised in the instant petition and the unlawfulness of Petitioner's *present* custody is absent. Id. Accordingly, without habeas jurisdiction, the Court cannot proceed and the petition should be dismissed. Id.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 14), be GRANTED. This Findings and Recommendations is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 9, 2010**                              /s/ Jennifer L. Thurston
                                                                           UNITED STATES MAGISTRATE JUDGE